UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
--------------------------------------------------------
:
DR. ARIEL ROSITA KING, *et al.*,            :        CASE NO. 11-CV-1124
:
       Plaintiffs,                            :
:
vs.                                                        :        OPINION & ORDER
:        [Resolving Doc. Nos. 6 & 7]
THE DISTRICT OF COLUMBIA, *et al.*,     :
:
       Defendants.                           :
:
--------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

       This case alleges that a hospital and various District of Columbia officials and agencies, have violated a minor child's constitutional rights. This matter is currently before the Court on Defendants' motions for dismissal of the individual Defendants, [Doc. 7], for a more definite statement, [Doc. 7], and to dismiss, [Doc. 6]. For the following reasons, the Court GRANTS IN PART the Defendants' motions.

       First, the Defendants have moved to dismiss the individual Defendants: Vincent Gray (Mayor of D.C.), the "Current Acting Director" (Child and Family Services of D.C.), Kaya Henderson (Chancellor of the D.C. Public Schools), Cathy Lanier (D.C. Police Chief), Dr. Mohammad N. Akhter (Director of the D.C. Department of Health), Irvin Nathan (D.C. Attorney General), and Dr. Alison M. Jackson (Director of the Children's National Medical Center). The Defendants say that retaining them as individual defendants is unnecessary because they are sued in their official capacities and because the District of Columbia is also a named defendant. [Doc. 7.]

Case No. 1:11-CV-1124
Gwin, J.

A suit against a government official in her official capacity, as opposed to in her personal capacity, "generally represent only another way of pleading an action against an entity of which an officer is an agent.  As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is . . . to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (internal citation and quotation marks omitted).  Therefore, a §1983 suit "against municipal officials in their official capacities is . . . equivalent to a suit against the municipality itself." *Atchinson v. District of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996).

The Plaintiffs' complaint states that each individual defendant is "sued in her [or his] official capacity," [Doc. 1 at ¶¶ 14-21.].  Courts in this district "routinely dismiss corresponding claims against individuals named in their official capacity," *Robinson v. District of Columbia*, 403 F. Supp. 2d 39, 49 (D.D.C. 2005), because "it is duplicative . . . and an ineffecient use of judicial resources," *id*.  Accordingly, the Plaintiffs' claims against Vincent Gray, the "Current Acting Director" of Child and Family Services of D.C., Kaya Henderson, Cathy Lanier, Dr. Mohammad N. Akhter, and Irvin Nathan are dismissed as duplicating Plaintiffs' claims against the District of Columbia.  The claims against Dr. Alison M. Jackson, in her official capacity as Director of the Children's National Medical Center (CNMC), however, are not necessarily duplicative of claims of the District of Columbia.  The Defendants have not shown CNMC is a division of the District of Columbia, and the Court denies Defendants' motion to dismiss individual plaintiffs as to Dr. Jackson.

Second, the Defendants say the Plaintiffs' complaint is "so vague or ambiguous that [the Defendants] cannot reasonably prepare a response," Federal Rule of Civil Procedure 12(e), and move for a more definite statement.  The Plaintiffs' opposition, while providing extensive case law on motions to dismiss, fails persuasively to respond to the motion.  The complaint is composed of nearly

-2-

Case No. 1:11-CV-1124
Gwin, J.

twenty-four pages of factual allegations, followed by nine causes of action. Each of the nine counts are based on "[t]he foregoing actions and inactions of" of the Defendants. *See* [Doc. 1.] Rule 8(a) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," but the complaint fails to provide the Defendants with "fair notice of what the . . . claim is and the grounds upon which it rests," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original). Accordingly, the Plaintiffs will provide a more definite statement identifying the claims and corresponding defendants to those claims.

Finally, Defendant Dr. Alison M. Jackson (in her official capacity as Director of the Children's National Medical Center), moves separately to dismiss, citing, among other things, the Plaintiffs' lack of standing.[1] The Plaintiffs' federal standing implicates issues of child custody, next-friend status, and District of Columbia law. *See* Elk Grove Unified School District v. Newdow, 542 U.S. 24 (2004). As standing is a threshold issue implicating the Court's subject matter jurisdiction, the parties are ordered to submit supplemental briefing on whether Plaintiffs meet the federal standing requirements.

For the reasons stated, the Defendants' motion to dismiss individual plaintiffs is GRANTED IN PART, but DENIED as to Dr. Jackson. The Defendants' motion for a more definite statement is GRANTED, and the Plaintiffs are ordered to file a more definite statement within fourteen days. Defendant Jackson's motion to dismiss is STAYED pending supplemental briefing. Opening briefs

---

[1] The Defendants' arguments as to failure to state a claim, preclusion, and the *Rooker-Feldman* doctrine, raised for the first time in their reply briefing [Doc. 12], are waived. *See, e.g.*, Penn. Elec. Co. V. F.E.R.C., 11 F.3d 207, 209, (D.C. Cir. 1993). Those arguments may, of course, be raised in a separate motion.

Case No. 1:11-CV-1124
Gwin, J.

on Plaintiffs' standing are due (from both parties) by May 30, 2012; responsive briefs are due 14 days later.

    IT IS SO ORDERED.

Dated: March 30, 2012            s/ *James S. Gwin*
                                                                  JAMES S. GWIN
                                                                  UNITED STATES DISTRICT JUDGE