```
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
---------------------------------------------------------
                                           :
DR. ARIEL ROSITA KING, et al.,             :   CASE NO. 11-CV-1124
                                           :
            Plaintiffs,                    :
                                           :
vs.                                        :   OPINION & ORDER
                                           :   [Resolving Doc. No. 33.]
THE DISTRICT OF COLUMBIA, et al.,          :
                                           :
            Defendants.                    :
                                           :
---------------------------------------------------------
```

JAMES S. GWIN,[1/] UNITED STATES DISTRICT JUDGE:

In this sad and unfortunate fight over an innocent child, the child's mother, Dr. Ariel King, and grandmother, Dr. Margo King, allege various District of Columbia officials and agencies have violated the child's constitutional rights. Regrettably, the fight has reached this Court. For the following reasons, the Court GRANTS the Defendants' motion to dismiss.

## I. Background

This case stems from the much-litigated issues of custody and care of a minor child, "Alma." Alma lives with her father, non-party Dr. Michael Pfeiffer—a German citizen—in Washington, D.C.; Alma's mother, Plaintiff Dr. Ariel King—an American citizen—lives in Europe. Alma's parents are estranged from each other, and a divorce proceeding is apparently pending in Bayreuth, Germany.

The origin of the custody dispute between Drs. Pfeiffer and King is not before this Court; however, on June 6, 2008, the Juvenile and Domestic Relations Court of Arlington, Virginia,

---

[1/] The Honorable James S. Gwin of the United States District Court for the Northern District of Ohio, sitting by designation.

Case No. 1:11-CV-1124
Gwin, J.

awarded the father, Dr. Pfeiffer, sole legal and physical custody after the mother, Dr. King, abducted Alma. That court also ruled that Plaintiff Dr. King could have no contact with Alma "until the mother avails herself of this court and undergoes a complete psychological evaluation."

Since that custody determination, Dr. King has filed a petition for custody in the Montgomery County circuit Court, a petition for injunctive relief in the D.C. Superior Court, and an emergency motion for custody in the D.C. Superior Court. And Dr. King has initiated multiple D.C. Child Protective Services investigations. [Doc. 33 at 26.] She has prevailed in none. According to the Plaintiff, Alma suffers from a rare disease, Severe Chronic Neutropenia, and requires extensive treatment and testing.

On March 30, 2012, this Court dismissed the individual defendants from the action (leaving only the District of Columbia as a defendant[2]), ordered, pursuant to Federal Rule of Civil Procedure 12(e), the Plaintiffs to file a more definite statement, and ordered the parties to file supplemental briefing on the issue of the Plaintiffs' standing. Subsequently, the Plaintiffs filed a second amended complaint, asserting nine causes of action against various District of Columbia entities: (1) federal constitutional substantive due process violations; (2) violations of plaintiff's federal constitutional due process rights; (3) discrimination in violation of DC Code § 2-1402.01, et. seq.; (4) discrimination in violation of Fifth Amendment, 21 U.S.C. § 1981, and 42 U.S.C. 2000d, et. seq.; (5) violations of the Child Abuse and Prevention and Treatment Act; (6) violations of the American's with Disabilities Act; (7) violations of Procedural Due Process, the Health Insurance Portability and Accountability Act, and the Family Educational Rights and Privacy Act; (8) violations of the Vienna

---

[2] On April 24, 2012, he Plaintiffs voluntarily dismissed the other remaining defendant, Dr. Alison M. Jackson. [Doc. 27.]

Case No. 1:11-CV-1124
Gwin, J.

Convention on Consular Relations; and (9) denial of rights under the United Nations Convention on the Rights of the Child.[3] Neither Alma nor Alma's father, Dr. Pfeiffer, is a party to this lawsuit—the Plaintiffs assert that they have filed the suit as Alma's next friends.

The District filed a motion to dismiss, arguing that the Plaintiffs lack capacity and standing to sue on Alma's behalf and that case should be dismissed for numerous other reasons. The Plaintiffs opposed and filed their own briefing on the issues of next-friend capacity. The District is correct.

## II. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* And "dismissal under Rule 12(b)(6) is appropriate where the complaint fails to allege the elements of a legally viable claim." *Chamberlain v. Am. Honda Fin. Corp.*, 931 A.2d 1018, 1023 (D.C. Cir. 2007).

## III. Analysis

A.  Standing to sue on Alma's behalf

The Plaintiffs claim that they can assert either next-friend or third-party standing on Alma's behalf, and the Court must consider whether these Plaintiffs may make them. That's because "in every federal case, the party bringing the suit must establish standing to prosecute the action." *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004). The prudential standing requirement

---

[3] The Plaintiffs allege counts 1, 6, 8, and 9 on behalf of Alma alone; Counts 3, 4, 5, and 7 are on behalf of Dr. Ariel King and Alma.

-3-

Case No. 1:11-CV-1124
Gwin, J.

"encompasses the general prohibition on a litigant's raising another person's legal rights," *Id.* at 12 (internal quotation marks omitted).

Although this case is complicated by the custody battle Alma's mother is waging against Alma's father, one thing is clear: parental status is determined by state law, *see Id.* at 16, and Dr. Pfeiffer was granted "sole legal and physical custody" of Alma by a Virginia court. District of Columbia courts "accord full faith and credit to . . . [child-custody] order[s] issued by a court of another state." D.C. Code § 16-4603.13 (2001). Indeed, the District of Columbia Superior court denied Dr. King's motion for emergency custody in 2009. [Doc 33 at 26-35 (denying Dr. King's complaint for negligent treatment and injunctive relief).] In the District of Columbia as in Virginia, Dr. Pfeiffer has sole legal and physical custody of Alma. And under District of Columbia law that means he has the exclusive

> right to make decisions regarding [the] child's health, education, and general welfare, the right to access the child's educational, medical, psychological, dental, or other records, and the right to speak with and obtain information regarding the child from school officials, health care providers, counselors, or other persons interacting with the child.

D.C. Code § 16-914(a)(1)(B) (2001). Alma, therefore, already has an appropriate representative: Dr. Pfeiffer.[4/]

Moreover, "[u]nder D.C. law [only] a *custodial* parent may bring a next friend suit . . . , and plaintiffs have not produced any authority indicating that the non-custodial parent may sue as next friend." *Foretich v. Glamour*, 741 F.Supp 247, 249 (D.D.C. 1990) (emphasis added) (denying non-

---

[4/] *Accord* Fed. R. Civ. P. 17(c) (A "general guardian" or "conservator" "may sue or defend on behalf of a minor," but "[a] minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem."). Here, that's Dr. Pfeiffer. And "[a]s a general rule, a federal court cannot appoint a guardian ad litem in an action in which the infant or incompetent already is represented by someone who is considered appropriate under the law of the forum state." 6A Wright, Miller, & Kane, Federal Practice and Procedure: Civil § 1570 (3d ed.).

-4-

Case No. 1:11-CV-1124
Gwin, J.

custodial father the right to sue as his child's next friend).

Accordingly, this case is functionally equivalent to *Elk Grove*, where the Supreme Court concluded that a minor's father "lack[ed] prudential standing" to bring a federal lawsuit to enjoin his daughter's school from daily recitation of the Pledge of Allegiance. 542 U.S. at 18. In *Elk Grove*, the minor's mother had been granted legal custody; the father was "seeking to reach outside the private parent-child sphere to restrain the acts of a third party . . . but the [state court's custody] order ha[d] deprived [the Father] of that right." *Id.* at 17. The Supreme Court's cautioned that

> it is improper for the federal courts to entertain a claim by a plaintiff whose standing to sue is founded on family law rights that are in dispute when prosecution of the lawsuit may have an adverse effect on the person who is the source of the plaintiff's claimed standing.

*Id.*

Sad though the facts may be, particularly if there is truth to Dr. King's assertions, this case presents "hard questions of domestic relations . . . sure to affect the outcome," and "the prudent course is for the federal course to stay its hand . . . ." *Id.* Neither Alma's mother nor grandmother has prudential standing to bring claims on Alma's behalf, and the Court dismisses all claims brought on Alma's behalf.

B.  Dr. Ariel King's Claims

The District also moves to dismiss the remainder of the case, and Dr. King's claims against it. Dr. King asserts five claims against the District:  (1) violations of federal constitutional due process rights; (2) discrimination in violation of DC Code § 2-1402.01, et. seq.; (3) discrimination under the Fifth Amendment, 21 U.S.C. § 1981, and 42 U.S.C. 2000d, et. seq.; (4) violations of the Child Abuse and Prevention and Treatment Act; and (5) violations of Procedural Due Process, the

Case No. 1:11-CV-1124
Gwin, J.

Health Insurance Portability and Accountability Act, and the Family Educational Rights and Privacy Act. [Doc. 29.]

In order to assert standing on her own behalf, Dr. King must show that "(1) [she] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 181-82 (2000). As to Dr. King's due process, state-law discrimination, equal protection, HIPPA, and FERPA claims (Counts 2, 3, 4, and 7), she cannot show that her injuries are traceable to the District's actions. Rather, Dr. King's complaints—for example, discrimination "in access to Alma's information," and " fail[ure] to provide educational information, [Doc. 29]—result from Virginia giving Dr. Pfeiffer the sole legal and physical custody of Alma. Furthermore, Plaintiff Dr. King does not establish that her alleged injuries will be redressed by a favorable decision by this court: Dr. Pfeiffer will still have sole legal and physical custody of Alma, Dr. Pfeiffer will still make all medical and educational decisions for Alma, and Dr. King will still be restricted from access to and control over Alma. Accordingly, Dr. King does not have standing to assert these claims.

And as to Count 5—violations of the Child Abuse and Prevention Treatment Act ("CAPTA"), failure to "comply with *LaShawn v Fenty*, and DC Code Chapter 13," [Doc 29 at ¶ 34]—Dr. King has not described that she has been actually injured by the District's conduct. Rather, her goal is to "protect District of Columbia children, including ALMA, from abuse and neglect." [Doc 29 at ¶ 112.] An admirable position to be sure, but not one that confers standing on Dr. King.

What's more, the Plaintiff has not specifically alleged any facts giving rise to a violation of

Case 1:11-cv-01124-JSG   Document 45   Filed 07/18/12   Page 7 of 7

Case No. 1:11-CV-1124
Gwin, J.

her rights under these sources, nor has she offered any persuasive argument that any one of CAPTA, *LaShawn*, or the D.C. Code Chapter 13 gives her a private right of action. *See, e.g.*, *Doe by Fein v. District of Columbia*, 93 F.3d 861, 865 (affirming district court's conclusion that CAPTA "impose[s] only generalized duties and envision[s] that the Secretary of Health and Human Services, not individual beneficiaries, would enforce states' compliance."). In the end, Dr. King may not use this forum to attack Virginia's custody order or to blame the District for its effects: all claims Dr. King asserts on her own behalf fail.

### IV. Conclusion

For the reasons stated, the Court GRANTS the District's motion to DISMISS.

IT IS SO ORDERED.


Dated: July 18, 2012                         s/     *James S. Gwin*
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE