UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DR. ARIEL ROSITA KING, *et al.*, Plaintiffs, vs. THE DISTRICT OF COLUMBIA, *et al.*, Defendants. | CASE NO. 11-CV-1124<br>OPINION & ORDER<br>[Resolving Doc. No. 49] |

JAMES S. GWIN,[1/] UNITED STATES DISTRICT JUDGE:

Plaintiffs Ariel Rosita King and Margo King move the Court under Federal Rule of Civil Procedure 60(a) to correct purported errors in the Court's July 18, 2012, Opinion and Order.[2/] Defendants opposed the motion.[3/] For the reasons below, the Court **DENIES** the motion.

## I. Background

In 2009, Ariel King brought an action against her husband, Michael H. Pfeiffer, in the Domestic Relations Branch of the Superior Court of the District of Columbia (the "D.C. Family Court").[4/] She alleged that Pfeiffer was medically neglecting their daughter, "Alma," who was almost six years old and lived with Pfeiffer.[5/] The D.C. Family Court found that King failed to show

[1/]The Honorable James S. Gwin of the United States District Court for the Northern District of Ohio, sitting by designation.

[2/]Doc. 45.

[3/]Doc. 52.

[4/]Doc. 33 at 26-35.

[5/]*Id.* at 29.

Pfeiffer medically neglected Alma, and it denied King's requested relief.[6/] Continuing to seek medical intervention for Alma, King and her mother Margo brought this action on June 17, 2011, against various individuals, agencies, and the District of Columbia.[7/] The Kings contested the D.C. Family Court ruling by asserting nine causes of action under District of Columbia law, federal statutes, the United States Constitution, the Vienna Convention on Consular Relations, and the United Nations Convention on the Rights of the Child.[8/] On July 18, 2012, the Court found that the Kings, as a noncustodial parent and grandparent, did not have standing to sue on Alma's behalf, and had not stated viable claims on their own behalf.[9/] Thus, the Court granted the Defendants' motion to dismiss.[10/]

On July 18, 2012, the Kings appealed this Court's ruling to the United States Court of Appeals for the District of Columbia Circuit.[11/] On March 1, 2013, the DC Circuit affirmed the Court's ruling.[12/] Now, the Court considers the Kings' Rule 60 motion.[13/]

## II. Legal Standard

As a threshold matter, the Court construes the Kings' motion as a Rule 59(e) motion. The Kings say that their motion is a Rule 60(a) motion.[14/] But, Rule 60(a) allows a district court to revise a ruling to correct "a clerical mistake or a mistake arising from oversight or omission."[15/] These

---

[6/] *Id.* at 34.
[7/] Doc. 1.
[8/] Doc. 29; Doc. 45 at 2-3.
[9/] *Id.*
[10/] *Id.*
[11/] Doc. 47.
[12/] *King v. District of Columbia*, No. 12-7066, Document #1422980 (D.C. Cir. March 1, 2013).
[13/] *Id.*
[14/] Doc. 49 at 1.
[15/] Fed. R. Civ. P. 60(a).

errors come from "pure inadvertence, rather than a mistaken exercise of judgment."[16] Here, the Kings' motion identifies purported errors of analysis, not clerical errors. Thus, the Court construes it as a motion brought under Rule 59(e).[17]

Under Rule 59(e), a district court may grant a motion to alter or amend a judgment in light of "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."[18] Granting such a motion is an unusual measure.[19] Parties should not take a Rule 59(e) motion as "an opportunity to reargue facts and theories upon which a court has already ruled."[20]

## III. Analysis

Of the four potential reasons to grant a motion for reconsideration, the Kings rely on only clear errors of law. They do not assert any change in controlling law, evidence not previously available, or need to prevent manifest injustice. Yet, they make no new legal arguments. Instead, they reiterate the same interpretations of D.C. family law that they had already offered in earlier filings.[21] The Court again rejects these arguments, and in light of the D.C. Circuit's decision, sees no other basis for finding a clear error of law.

First, the Court will not reconsider its application of D.C. family law. The Kings say that because the D.C. Family Court erred in recognizing Pfeiffer's custody, several of the statutes cited in this Court's Order are not applicable.[22] But, the Court has already made it clear that it finds no

---

[16] *Lowe v. McGraw-Hill Cos.*,361 F.3d 335, 341 (7th Cir. 2004).

[17] The Kings acknowledge in a footnote that Rule 59(e) is appropriate. Doc. 54 at 4 n. 8.

[18] *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam).

[19] *Id.*

[20] *Fresh Kist Produce, LLC v. Choi Corp.*, 251 F. Supp. 2d 138, 140 (D.D.C. 2003); *accord Lincoln v. Billington*, No. 98-5242, 1998 WL 796424 (D.C. Cir. Oct. 29, 1998).

[21] Doc. 34 at 10-12.

[22] Doc. 49 at 2-5.

constitutional basis to second-guess the D.C. courts on matters of domestic relations.[23/] The Kings also argue that the Court's reading of *Foretich v. Glamour*, 741 F.Supp. 247 (D.D.C. 1990), "directly conflicts with any plain reading of that case."[24/] But, the Court disagrees. Because the Court has already ruled on these questions, and because the D.C. Circuit affirmed the Court's ruling, the Court will not consider the Kings' legal arguments again.[25/]

Second, the Kings argue that this Court relied too heavily on the D.C. Family Court's findings of fact.[26/] Specifically, the Kings dispute when and how Dr. Ariel King failed to gain emergency custody of Alma, the extent to which she "initiated" Child Protective Services investigations, and whether Alma's diagnosis is attributable to medical experts.[27/] But, the Court is unable to find any meaningful conflict between the facts in the Order and the facts described by the Kings.[28/] Thus, the Court determines that there is no basis for finding a clear error of law.

Third, the Kings ask the Court to remove the reference to Alma's "custody" from the first sentence of the Order to clarify that Alma's custody is not at issue in this case.[29/] But, the sentence does not imply that custody is at issue. Thus, the Court declines to alter its Order.

## III. Conclusion

For the reasons above, the Court **DENIES** the Kings' motion.

---

[23/]Doc. 45 at 4-5.

[24/]Doc. 49 at 6.

[25/]*See Fresh Kist*, 251 F. Supp. 2d at 140.

[26/]Doc. 49 at 7-10.

[27/]*Id.*

[28/]The Kings also take issue with the Court's account of emergency custody proceedings in the D.C. Family Court. They correctly point out that the 2009 ruling cited in the Order denied other injunctive relief, not custody. But, the 2009 ruling indeed concluded the Family Court proceeding in which Ariel King twice unsuccessfully sought emergency custody. Doc. 33 at 28. Moreover, the Kings do not explain why any added precision would matter, or how the Court's characterization creates a manifest injustice.

[29/]Doc. 49 at 11.

IT IS SO ORDERED.

Dated: March 13, 2013

s/ *James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE